UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

BILLY LAMON                                            CIVIL ACTION

VERSUS                                                 NO._____

BREAKWATER ENERGY SERVICES, LLC

## COMPLAINT

1. Plaintiff Billy Lamon ("Lamon") brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), seeking unpaid overtime compensation from his former employer, Defendant Breakwater Energy Services, LLC ("Breakwater").

2. Lamon – a non-exempt employee under the FLSA – worked for Breakwater at hydraulic fracturing (or "fracking") sites and consistently worked far in excess of 40 hours per workweek without being paid an overtime rate of one and one-half times his regular hourly rate of pay for hours worked in excess of 40 hours per workweek.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the FLSA.

4. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district.

## PARTIES

5. Lamon is an adult resident of the State of Louisiana.

6. Breakwater is a Texas limited liability company domiciled in Friendswood, Texas.

## FLSA COVERAGE

7. At all times relevant to this action, Breakwater has been an enterprise as defined by the FLSA.

8. At all times relevant to this action, Breakwater has been an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

9. At all times relevant to this action, Breakwater has been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, Breakwater transports its equipment and personnel to and performs work at fracking sites in states other than Texas, including the State of New Mexico.

11. At all times relevant to this action, Breakwater has been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00

12. At all times relevant to this action, Lamon was engaged in commerce or in the production of goods for commerce as defined by the FLSA.

13. At all times relevant to this action, Breakwater was an employer of Lamon as defined by the FLSA.

## FACTS

14. According to Breakwater's website, Breakwater "offers its customers a wide range of water management solutions" and is "one of the largest providers of lay flat hose and ancillary equipment in the oil and gas industry." Breakwater's lay flat hose is used "in moving large volumes of water to support fracking activity."

15. Breakwater hired Lamon in approximately June 2016 to work as a "Supervisor" in the field at fracking sites where Breakwater's lay flat hose and other equipment is used.

16. Lamon's duties in his employment with Breakwater included laying out water transfer lines and lay flat hoses for use in oil and natural gas fracking.

17. Despite his "Supervisor" job title, Lamon did not possess any supervisory authority or perform any executive function with Breakwater. Lamon instead worked at fracking sites as part of a team of approximately three Breakwater employees performing primarily manual labor. The other members of the team performed the same job duties as Lamon.

18. Lamon did not make or have any input in decisions to hire and fire other employees. Lamon did not set other employees' schedules. Lamon did not direct the work of the other employees.

19. At the time he was hired, Lamon understood from Breakwater that his job would entail approximately 40 to 60 hours of work per workweek.

20. In actuality, Breakwater required Lamon to work approximately 100 to 150 hours per workweek. Lamon worked this arduous schedule for periods of several consecutive weeks with only two off-duty days between such periods.

21. Even on his precious few days off, Lamon received frequent calls from Breakwater personnel regarding job-related issues.

22. Breakwater compensated Lamon through a fixed salary, regardless of how many hours Lamon worked.

23. The other Breakwater employees on Lamon's team – who performed the same job functions as Lamon – were paid on an hourly basis and received overtime premium compensation.

24. Lamon ended his employment with Breakwater in January 2017.

25. Although Lamon was a non-exempt employee under the FLSA and consistently worked far in excess of 40 hours per workweek, Breakwater did not pay Lamon an overtime rate of one and one-half times his regular hourly rate of pay for hours worked in excess of 40 hours per workweek.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

26. Lamon incorporates by reference the allegations contained in all of the above paragraphs as if fully set forth herein.

27. The FLSA applies to Breakwater's employment of Lamon.

28. The FLSA mandates that non-exempt employees are entitled to overtime premium pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per workweek.

29. Breakwater willfully refused to pay overtime to Lamon, a non-exempt employee, for hours worked in excess of 40 hours per workweek.

30. As the direct and proximate result of Breakwater's unlawful conduct, Lamon has suffered a loss of income and other damages.  Lamon is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the FLSA.  Breakwater knew or showed reckless disregard for the fact that their compensation practices were in violation of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Billy Lamon prays for judgment against Defendant Breakwater Energy Services, LLC as follows:

A. A finding that Lamon was a non-exempt employee entitled to protection under the FLSA;

B. A finding that Breakwater violated the overtime provisions of the FLSA;

C. A finding that Breakwater's violations of the FLSA were willful;

D. Judgment against Breakwater in the amount of Lamon's unpaid overtime wages at the applicable rates;

E. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully Submitted,

/s/ Randall E. Estes
Randall E. Estes (S.D. Tex. ID# 3016882)

Of Counsel:
Estes Davis Law, LLC
850 North Boulevard
Baton Rouge, LA 70802
Telephone: (225) 336-3394
Facsimile: (225) 384-5419

*Attorney for Plaintiff*